Guo Shou CHEN, Petitioner,

v.

THE UNITED STATES DEPARTMENT OF JUSTICE, executive Office for Immigration Review and Immigration and Naturalization Service, Respondents.

No. 01–4075.

United States Court of Appeals, Second Circuit.

Jan. 23, 2003.

Douglas B. Payne, New York, N.Y., for Petitioner.

Megan L. Brackney, Assistant United States Attorney (Kathy S. Marks and Jeffrey S. Oestericher, Assistant United States Attorneys, and James B. Comey, United States Attorney for the Southern District of New York, on the brief), New York, N.Y., for Respondent.

PRESENT: WINTER, LEVAL, and CABRANES, Circuit Judges.

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 23rd day of January, two thousand and three.

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petition is DENIED, and the order of the Board of Immigration Appeals is AFFIRMED.

Guo Shou Chen ("Chen"), a citizen of China, petitions this Court for review of an April 5, 2001 decision of the Board of Immigration Appeals ("BIA"). The BIA dismissed Chen's appeal from the order of an immigration judge ("IJ"), who found Chen not credible, denied his application for asylum and for relief pursuant to the United Nations Convention Against Torture ("CAT"),[1] and ordered him removed from the United States to China.

Chen petitioned this Court for review of the BIA's decision on May 7, 2001. He concedes that he is inadmissible pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I), but argues that the BIA erred in finding him not credible, in failing to examine the documentary evidence he provided to support his testimony, and in failing to find that he was entitled to relief under CAT.

When considering a petition for review of a BIA decision, the scope of our inquiry is "exceedingly narrow," *Melgar de Torres*

---

1. The Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, 1465 U.N.T.S. 85, G.A. Res. 39/46, 39 U.N. GAOR Supp. No. 51, at 197, U.N. Doc. A/39/51 (1984); 23 I.L.M. 1027 (1984).

*v. Reno,* 191 F.3d 307, 313 (2d Cir.1999): The BIA's ultimate decision whether to grant or deny an application for asylum "shall be conclusive unless manifestly contrary to the law and an abuse of discretion," 8 U.S.C. § 1252(b)(4)(D). Further, when reviewing the denial of an application for asylum, federal courts must consider "the administrative findings of fact [to be] conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B). Accordingly, we will reverse a decision of the BIA only where "no reasonable fact-finder could have failed to find past persecution or fear of future persecution." *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000); *see also Alvarado–Carillo v. INS,* 251 F.3d 44, 49 (2d Cir.2001). Finally, we give "particular deference to the credibility determinations of the IJ." *Montero v. INS,* 124 F.3d 381, 386 (2d Cir.1997).

An applicant for asylum bears the burden of establishing that he was persecuted or has a well-founded fear of persecution on account of, *inter alia,* his political opinion. 8 U.S.C. §§ 1158(a), 1101(a)(42); *see also Diallo,* 232 F.3d at 284. The Immigration and Naturalization Act expressly states that

> a person who has been forced to abort a pregnancy or to undergo involuntary sterilization, or who has been persecuted for failure or refusal to undergo such a procedure or for other resistance to a coercive population control program, shall be deemed to have been persecuted on account of political opinion, and a person who has a well founded fear that he or she will be forced to undergo such a procedure or [be] subject to persecution for such failure, refusal, or resistance shall be deemed to have a well founded fear of persecution on account of political opinion.

8 U.S.C. § 1101(a)(42). According to Chen, the BIA has extended this provision to include those persons whose spouses have suffered involuntary sterilization or abortion. Pet'r's Br. at 8 (citing 21 I. & N. Dec. 915, 918–19 (1997)).

During his removal proceedings, Chen testified that Chinese government officials forced his wife to undergo a sterilization procedure in December, 1999, following the birth of their second child, whom they were able to conceive only by violating the Chinese birth control regulations. Nevertheless, on October 31, 2000, the Immigration Judge denied his application for asylum and CAT relief, finding that he did not testify credibly. The Immigration Judge issued a lengthy and detailed oral decision, supporting his credibility determination by citing both the questionable nature of his documentary evidence and the numerous contradictions and inconsistencies between Chen's testimony during the removal hearing and the statements he made during his two previous interviews with Immigration and Naturalization Service ("INS") officials.

On April 5, 2001, the BIA affirmed the Immigration Judge's decision. The BIA expressed its agreement with the Immigration Judge's credibility determination, finding that "significant discrepancies and omissions provide specific and cogent reasons not only to doubt whether the respondent suffered negative consequences from his alleged violation of the population control policy, but even to doubt whether he is, in fact, married or has two children." BIA Decision at 3.

The BIA cited three specific discrepancies between Chen's testimony during his removal hearing and his previous statements to the INS in order to support its conclusion. First, when Chen was interviewed at the airport upon his arrival to the United States on July 7, 2000, he stat-

ed that his wife was three months pregnant with their third child–a statement that clearly conflicts with his testimony that his wife was sterilized in December 1999. He later admitted that this statement was false, but claims that the "snakehead" who arranged for his emigration told him to make it, even though he had already told the snakehead that his wife had been sterilized. The BIA found this explanation for the discrepancy implausible, reasoning that "[i]t is not believable that the snakehead would have told him to advance a false potential future persecution claim (i.e. that his wife was pregnant and might be forced to undergo an abortion), rather than advance a truthful claim of past persecution (i.e. based on a sterilization that had already taken place)." BIA Decision at 2.

Next, the BIA cited the fact that Chen had given conflicting testimony about the extent to which he and his wife had been fined for illegally having a second child: "[I]n both prior interviews the respondent told the interviewers that he and his wife were fined 30,000 RMB for their violation of having a second child, and that they paid 12,000 RMB of that fine," whereas Chen testified during his hearing that "they were fined 26,000 RMB and paid two installments of 3,000 RMB and 5,000 RMB prior to his departure." *Id.*

Finally, the BIA noted that, although Chen testified during his removal hearing that both his father and his father-in-law were detained by Chinese officials for a number of days as a result of his wife's failure to comply with Chinese birth control regulations, Chen never mentioned these alleged detentions in his two previous interviews. The BIA emphasized the fact that, during his airport interview, Chen "was specifically asked if he or anyone in his family had been arrested," and yet he still failed to mention these detentions at that time.

■ We hold that the omissions and discrepancies cited by the BIA could reasonably have led a fact-finder to conclude that Chen did not testify credibly. Thus, Chen has not met the strict standard of review necessary to overcome an adverse credibility finding. Further, we find no error in the BIA's failure to expressly address whether the documentation submitted by Chen supported his claim. The BIA did not state, as Chen argues, that it failed to *examine* the supporting documents. Instead, it simply indicated that it need not *discuss* whether each of these documents either "corroborates or undermines" Chen's claim. BIA Decision at 3. This decision was certainly reasonable given the significant discrepancies in Chen's testimony as well as the highly dubious nature of his supporting documentation. As the Immigration Judge observed:

> All the notarial [birth] certificates [for Chen, his wife, and his two children] were ... issued on August 28, 2000[,] during the time that this case was under litigation. None of the documents provided to this Court to show the relationship and the existence of these individuals was done prior to this litigation, and the Court has a question as to whether or not ... the children truly exist.

Oral Decision of the Immigration Judge, Oct. 31, 2000, at 10. And, although Chen provided a certificate documenting his wife's sterilization, the document did not indicate that the sterilization was forced. Further, in light of the inconsistencies in Chen's testimony, one could reasonably conclude that the certificate was a forgery. Accordingly, there can be no doubt that the record as a whole supports the adverse credibility findings of the Immigration Judge and the BIA.

Finally, the BIA properly denied Chen's request for relief from removal pursuant to CAT. In order to be entitled to CAT relief, an alien bears the burden of proving

that he "is more likely than not to be tortured in the country of removal." 8 C.F.R. § 208.16(c)(2),(4). For purposes of CAT, "torture" is defined as "an extreme form of cruel and inhuman treatment." 8 C.F.R. § 208.18(a)(2). In order to constitute torture, "an act must be specifically intended to inflict severe physical or mental pain or suffering." 8 C.F.R. § 208.18(a)(5). Because Chen presented no evidence whatsoever that he is likely to receive such treatment if returned to China, he is not entitled to CAT relief.

For the foregoing reasons, the BIA properly dismissed Chen's appeal, and the petition for review is hereby DENIED.